UNITED STATES DISTRICT FEDERAL COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINZELL BROWN,<br>    Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC.,<br>    Defendant. | CIVIL ACTION NO. 3:23-cv-00977-S |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES AND MONETARY DAMAGES**

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW, LINZELL BROWN, Plaintiff, and files Plaintiff's First Amended Complaint of Defendant, SAM'S EAST, INC., and would show unto the Court as follows:

### I. PARTIES

  1. Plaintiff, LINZELL BROWN, is an individual that is a citizen of the State of Texas.

  2. Defendant, SAM'S EAST, INC., is a corporation that is a citizen of the State of Arkansas.

### II. JURISDICTION

  3. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332 (a) because Defendant, Sam's East, Inc., is a citizen of the State of Arkansas, and Plaintiff, Linzell Brown, is a citizen of the State of Texas. Furthermore, the suit involves an amount in controversy that exceeds $75,000 excluding interest and costs.

### III. VENUE

  4. Venue is proper in this District under 28 U.S.C. §1332 (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The events giving rise to this claim occurred in Dallas, Dallas County, Texas.

### IV. FACTS

  5. On September 26, 2022, Plaintiff was injured on the Sam's Club premises located at 2900 West Wheatland Road, Dallas, Dallas County, Texas. Plaintiff, Linzell Brown, was walking through the produce section when he slipped and fell on water left unmarked and unattended on the floor. At the time of injury, the premises were being

used as a retail store by Defendant, Sam's East, Inc.

6. Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

7. Plaintiff was an invitee at the time the injury occurred. Plaintiff entered on Defendant's premises for the mutual benefit of himself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

## V.   COUNT I - NEGLIGENCE

8. Because Plaintiff was an invitee at the time of injury, Defendant, Defendant, Sam's East, Inc., owed a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

9. Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendant knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees. Specifically, Defendant breached its duty in one or more of the following ways:

   a. Failing to inspect the premises on a regular basis;
   b. Failing to perform needed repairs;
   c. Failing to place signs warning invitees;
   d. Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment; and
   e. Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

## VI.   DAMAGES

10. As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of his injuries, Plaintiff has suffered the following damages:

   a. Physical pain and mental anguish in the past and future;

    b.    Medical expenses in the past and future; and

    c.    Physical impairment.

## VII. PRAYER

11.    WHEREFORE, PREMISES CONSIDERED, Plaintiff, LINZELL BROWN, respectfully requests that Defendant, SAM'S EAST, INC., be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

    a.    Actual damages;

    b.    Prejudgment and post judgment interest as allowed by law;

    c.    Costs of suit;

    d.    Monetary relief over $250,000 but not more than $1,000,000; and

    e.    Any further relief, either in law or equity, to which Plaintiff is justly entitled.

## VIII. RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs give notice that documents produced by any party to this case may be used at any pretrial proceeding or at the trial of this matter.

Respectfully submitted,

Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, Texas 75041
(972) 263-5555
(817) 263-5555
(972) 682-7586 Facsimile
eService@benabbott.com

***/s/ James Bauguss III***
by: James Bauguss III
State Bar No. 24045463

ATTORNEY FOR PLAINTIFF

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR NEGLIGENCE/**271606    Page 3

## CERTIFICATE OF SERVICE

    The undersigned Counsel for Defendant hereby certifies that a true and correct copy of this pleading has been forwarded to all counsel of record, pursuant to and in accordance with the Federal Rules of Civil Procedure, on July 14, 2023.

*/s/ James Bauguss III*

James Bauguss III